

YAN-XU LU,

    *Plaintiff*,

v.

ALLISON H. EID, et al.,

    *Defendants*.

Civil Action No. 1:21-cv-01389 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and Application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* Application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted or is frivolous).

Plaintiff is dissatisfied with the District of Utah's dismissal of his discrimination suit against the University of Utah. *See generally* Complaint, ECF No. 1; *Yung-Kai Lu v. Univ. of Utah*, 790 Fed. App'x 933, 934 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 2634 (2020) ("Yung-Kai Lu, a citizen of Taiwan, appeals *pro se* from a district court order that dismissed his complaint against the University of Utah and some of its employees for not renewing his music scholarship and graduate teaching-assistant position."). Having lost his appeals, Plaintiff now sues Senior District Judge Clark Waddoups, who dismissed his case in Utah, and Tenth Circuit Judge Allison H. Eid, who wrote the opinion affirming the order of dismissal. *See* Compl. ¶ 12 (parties list); *Kung-Kai Lu*, 790 Fed. App'x at 934 (Order and Judgment); *Yung-Kai Lu v. Univ.*

1

*of Utah*, No. 2:16-cv-51-CW, 2018 WL 3993458, at *1 (D. Utah Aug. 21, 2018) (adopting the magistrate judge's report and recommendation and dismissing case with prejudice).

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981). Judges enjoy absolute immunity from a lawsuit, such as this, based on actions properly taken in their judicial capacity. *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (per curiam) (citing cases); *see accord Caldwell v. Kagan*, 455 Fed. App'x. 1 (D.C. Cir.2011) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir.1993)); *Jafari v. United States*, 83 F. Supp. 3d 277, 280 (D.D.C.), *aff'd*, 621 Fed. App'x 676 (D.C. Cir. 2015) ("reviewing and attributing weight to evidence, granting and denying hearings, issuing decisions, and generally adjudicating the plaintiff's case . . . are quintessential official judicial acts"). Such "immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Further, a complaint against judges who have "done nothing more than their duty" is "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995). Accordingly, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: July 12, 2021

_____
CARL J. NICHOLS
United States District Judge